UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WINDMILL NURSERY OF LOUISIANA, L.L.C.        CIVIL ACTION

VERSUS                                       NO. 06-7980

MARYLAND CASUALTY COMPANY and                SECTION "F"
STONE INSURANCE COMPANY, INC.

## ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

## Background

Windmill Nursery's property, including many of its greenhouses, was damaged as a result of Hurricane Katrina. Windmill Nursery contacted its insurance agent, Stone Insurance, and made a claim with its insurance company, Maryland Casualty.  By February 2006, Maryland Casualty made certain partial advance payments of insurance proceeds and assured Windmill Nursery that additional monies would be paid.  Maryland Casualty then stopped making payments.  In July 2006, Maryland Casualty advised Windmill Nursery that it had discovered that Stone Insurance had made a mistake when the policy was procured.  Windmill Nursery alleges that it confronted Stone Insurance, which admitted to the mistakes and assured Windmill that it would try to fix them.  Ultimately, Maryland Casualty rejected Windmill Nursery's proof of loss by letter dated August 8, 2006 and denied further coverage.

On August 28, 2006, Windmill Nursery (a Louisiana corporation)

1

filed suit in state court against Stone Insurance (a Louisiana corporation) and Maryland Casualty (a Maryland corporation with its principal place of business in Illinois) arising out of Maryland Casualty's refusal to pay certain covered losses and Stone Insurance's failures in procuring sufficient coverage. Stone Insurance removed the suit on October 12, 2006 on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Paragraph 10 of Stone Insurance's Notice of Removal states that "Maryland Casualty consents to this removal." No formal notice of consent has been filed by of Maryland Casualty. Windmill Nursery now moves to remand this suit back to the 24th Judicial District Court of the Parish of Jefferson.

I.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Manguno v. Prudential Prop. & Cas.

2

Ins. Co., 276 F.3d 720, 723 (5ᵗʰ Cir. 2002).

## II.

Stone Insurance removed this case pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Windmill Nursery contends that local defendant's removal was procedurally defective and that, alternatively, the Court lacks diversity jurisdiction.   The Court agrees that  removal was procedurally defective and therefore does not reach the question of whether Stone Insurance was fraudulently joined such that this Court has diversity jurisdiction.

## A.

A defect in the procedure for removal, if timely asserted, may be grounds for remand to state court.   28 U.S.C. § 1447(c) (providing 30-day window for challenges to procedural defects in removal); Caterpillar, Inc. v. Lewis, 519 U.S. 61, (1996). Windmill Nursery filed this motion to remand less than two weeks after Stone Insurance filed its Notice of Removal; thus, the motion to remand is timely.  Windmill Nursery's contends that the removal was procedurally defective because Maryland Casualty never formally consented to the removal.  The Court agrees.[1]

---

[1] The Court notes that Stone Insurance correctly states the law when it contends that a defendant need not obtain the consent of a fraudulently joined co-defendant prior to removal. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5ᵗʰ Cir. 1993).   But Stone Insurance fundamentally misunderstands and misapplies that principle to the extent it is argues that "consent to...removal by Maryland [Casualty] is unnecessary because Windmill

3

The Fifth Circuit applies the "rule of unanimity" to removed cases with multiple defendants:  Absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446.  Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1261-62 (5th Cir. 1988) (holding that all served defendants are required to join in petition for removal no later than 30 days from the date on which the first defendant was served); Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002) (finding exceptional circumstances cured board's retroactive ratification of consent, given that the board attempted to schedule a meeting before removal period expired, chairman of the board was also a plaintiff, and timely consent was given by an agent who was informally authorized).

B.

Getty Oil specifically instructs that an "unsupported statement in the original removal petition ... indicat[ing] that [a co-defendant] actually consented to removal when the original petition was filed" is insufficient to provide formal notice of consent.   841 F.2d at 1262.  Stone Insurance's unsupported statement in its removal petition that "Maryland Casualty consents

---

has joined Stone Insurance improperly."   It is the allegedly improperly joined local defendant (here, Stone Insurance) who would not need to consent to the removal because it is Stone Insurance's citizenship that the Court would disregard if it determined that the local defendant was improperly joined.

4

to this removal" is the only suggestion to the Court that its co-defendant that has been served, Maryland Casualty, consents to the removal of this suit to federal court.   This is insufficient and makes removal improvident under 28 U.S.C. § 1446 and the rule of unanimity.   see id.; see also Marshall v. Air Liquide-Big Three, Inc., 2006 WL 286011 (E.D. La. Feb. 7, 2006) (Africk, J.).   Stone Insurance's removal is procedurally deficient on that basis alone.[2]

Because Stone Insurance has failed to carry its burden to show that removal was proper, the plaintiff's motion to remand is GRANTED.   The case is hereby remanded to the 24th Judicial District Court of the Parish of Jefferson.

New Orleans, Louisiana, November 20, 2006.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court further notes that it is inclined to agree with Windmill Nursery's position and cited authority for the proposition that this Court lacks subject matter jurisdiction to entertain any relief requested by a party whose presence in the action defeats diversity jurisdiction in a case where this Court's jurisdiction rests solely on 28 U.S.C. § 1332.   See, e.g., Jewell v. Dudley L. Moore Insurance, Inc., 872 F. Supp. 1517, 1520 (M.D. La. 1995).   In Jewell, Chief Judge Parker determined that any action taken by the court on a motion by a non-diverse party in a diversity case would be an action taken without subject matter jurisdiction, reasoning that:   "If the non-diverse party has not been fraudulently joined, the court must remand the case.   If the non-diverse party has been fraudulently joined, the proper procedure is to simply ignore his presence; he is no longer considered a party defendant."   Id.